UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER BRAGG,

      Petitioner,

v.                        Case No.:  2:24-cv-540-SPC-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

## <u>OPINION AND ORDER</u>

Before the Court is Christopher Bragg's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1).   Bragg challenges his conviction and 30-year prison sentence for sexual battery.

## Background

On June 6, 2014, the State of Florida charged Bragg with sexual battery. The Office of the Public Defender represented Bragg—Penelope Michalakis initially handled the case, and Jason Aruszka and Nicole DeVito litigated the trial.

The victim, J.H., testified that in October 2013, she lived on a sailboat with her boyfriend and fiancé Michael Richards.   On October 12, 2013, J.H. walked from the boat towards a nearby convenience store.   Bragg pulled into the store's parking lot on a motorcycle and struck up a conversation with J.H.

Bragg told J.H. she looked familiar, and J.H. listed people they might both know.   One was Amy Richards, a friend J.H. had not seen in a while and was worried about.   Bragg said he knew Richards and had just seen her across the street, and he offered to take J.H. to her.   J.H. got on the motorcycle, and they drove around the area looking for Richards.   (Doc. 10-2 at 197-204).

Bragg suddenly pulled off the road, and J.H. jumped off the bike and started walking away.   Bragg grabbed J.H.'s arm, twisted it behind her back, and grabbed her hair with his other hand.   J.H. yelled out, Bragg put his hand over her mouth, and she bit him.   Bragg called J.H. a "stupid little whore" and shoved her down.   He pinned her to the ground, pulled her pants down, and forcibly penetrated her vagina with his penis.   J.H. initially struggled, but then she tried to block it out and imagine she was somewhere else.   Bragg eventually stopped, threatened J.H., and drove away on his motorcycle.   J.H. found her way home, changed into pajamas, and got in bed.   (Id. at 204-08).

J.H. had an asthma attack later that night and went to the hospital. After being treated for her breathing issues, J.H. asked to see a female nurse alone and told her what had happened.   The nurse called law enforcement, and J.H. gave a statement to Sergeant Andrea Fisher.   She then went to the Abuse and Counseling Treatment Center (ACT), where she received a head-to-toe physical examination.   After leaving ACT, J.H. took Detective Daniel Cote to the scene of the assault.   She then went to the police station and described

her attacker to a sketch artist.   In the courtroom, J.H. identified Bragg as the man who raped her.   (*Id.* at 209-14).

Nurse Katherine Paradiso testified that she examined J.H. at ACT. J.H. was crying and very frightened, and Paradiso found injuries from J.H.'s neck to her feet.   The jury saw pictures of the injuries.   The bruises appeared fresh to Paradiso, and J.H. reported they were not there before the sexual assault.   Paradiso also performed a sexual battery exam and took buccal and vaginal swabs.   (*Id.* at 285-96).   A crime lab analyst testified that Bragg's DNA matched the DNA of semen found on the vaginal swabs.   (*Id.* at 341).

Bragg took the witness stand and acknowledged fourteen prior felony convictions.   He testified he was visiting Fort Myers from North Carolina in October 2013.   Bragg claimed that he approached J.H. because he hoped she was a prostitute, and that they had consensual sex.   (*Id.* at 274-84).

The jury found Bragg guilty of sexual battery, (*id.* at 424), and the court sentenced him to a 30-year prison term, (*id.* at 452).   A public defender found no meritorious arguments to raise on appeal and filed an *Anders*[1] brief.   (*Id.* at 462-78).   Florida's Second District Court of Appeal (2nd DCA) affirmed without a written opinion.   (*Id.* at 482).

Bragg filed a state postconviction motion under Florida Rule of Criminal

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Procedure 3.850, raising 11 grounds. (*Id.* at 484-515). The postconviction court summarily denied six grounds and one sub-ground and set an evidentiary hearing for the rest. (*Id.* at 804-17, 941-42). The court denied the remaining grounds after the hearing. (*Id.* at 1176-87). Florida's Sixth District Court of Appeals (6th DCA) affirmed without a written opinion. (*Id.* at 1251). Bragg filed a motion to correct illegal sentence under Florida Rule of Civil Procedure 3.800(a). (*Id.* at 1255-69). The postconviction court denied the motion but corrected a discrepancy between the oral pronouncement of the sentence and the written judgment. (*Id.* at 1292-94). Bragg then timely filed his federal habeas petition. (Doc. 1).

### Applicable Habeas Law

## A. AEPDA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).   A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision.   *White*, 134 S. Ct. at 1702; *Casey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).   Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law.   28 U.S.C. § 2254(d)(1).   A decision is "contrary to" clearly established federal law if the state court either (1) applied a rule that contradicts the governing law set forth by Supreme Court case law or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts.   *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either

unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).

When reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018).

## B. Exhaustion and Procedural Default

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's

highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)).  The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

> Procedural defaults generally arise in two ways:
>
> > (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

*Cortes v. Gladish*, 216 F. App'x 897, 899 (11th Cir. 2007).   A federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) if "the failure to consider the claim would result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

### C. Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel.   466 U.S. 668, 687-88 (1984).   A petitioner must establish:   (1) counsel's performance was deficient and fell below an objective

standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id*.

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Franks v. GDCP Warden*, 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting *Richter*, 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." *Id*. This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sealey*, 954 F.3d at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The critical question on federal habeas review is not whether this Court can see a

substantial likelihood of a different result had defense counsel taken a different approach. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021). All that matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." *Id.* (quoting *Knowles v. Mirazayance*, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." *Sealey*, 954 F.3d at 1355. And "[w]hile the *Strickland* standard is itself hard to meet, 'establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.'" *Id.* (quoting *Richter*, 562 U.S. at 105).

## Analysis

### A. Ground 1: Trial counsel failed to file a motion for a new trial

Bragg contends the evidence presented at trial was insufficient to support a jury verdict because his testimony was believable and J.H.'s was not. He argues his attorneys should have requested a new trial on that basis. The postconviction court summarily rejected this claim:

> Counsel may be ineffective for failing to file a motion for new trial. *Lamb v. State*, 124 So. 3d 953 (Fla. 2d DCA 2013). However, Defendant is not *per se* entitled to relief for ineffective assistance of counsel without regard to the underlying facts in the case. *Williams v. State*, 553 So. 2d 309 (Fla. 1st DCA 1989). Here, Defendant is not entitled to relief because the Court is not convinced of any strong likelihood a new trial would have been

ordered if counsel had filed the motion.  *See Manley v. State*, 605 So. 2d 1327, 1328 (Fla. 2d DCA 1992) (affirming denial of motion for postconviction relief for failure to file motion for new trial where there was no "strong likelihood a new trial would have been ordered").

When considering a motion for new trial based on a claim that the verdict is against the weight of the evidence, the trial court exercises its discretion to determine whether a greater amount of credible evidence supports one side of an issue over another. *Geibel v. State*, 817 So. 2d 1042, 1044 (Fla. 2d DCA 2002).  The only issue at Defendant's trial was whether or not the victim had consensual sex with him.  Defendant testified that he had consensual sex with the victim, who he believed to be a prostitute, shortly after meeting her for the first time in a store parking lot and picking her up on his motorcycle.  The victim testified that she met Defendant while walking to the store to buy a drink.  She got on his motorcycle shortly after meeting him because he said he would take her to find a mutual friend she had been looking for. The victim further testified that, after driving around looking in vain for her friend, the Defendant claimed he saw the friend and rode to a nearby field where he pushed the victim to the ground on her stomach and raped her.  Defendant's only explanation for why the victim had sex with him so shortly after meeting him was that she was a prostitute.  There was no evidence, other than the Defendant's testimony at trial, that the victim was a prostitute. In a pretrial statement to law enforcement, the Defendant never mentioned prostitution.  Additionally, at trial, the Defendant testified that after they had sex, he left the victim in the field without paying her.  The State offered substantial photographic evidence of injuries to the victim's legs and body to support the victim's story that she was pushed to the ground.  Katherine Paradiso, the nurse who performed the sexual assault exam on the victim, testified that the victim was crying and frightened and had "significant injuries from her neck all the way down to her feet" in the form of recently incurred scratches, abrasions, scrapes, and bruises.  Since the State offered more credible evidence as to the issue of consent, the Court finds that the guilty verdict was supported by the weight of the evidence and is not convinced of any likelihood that a new trial would have been ordered if defense

counsel had filed the motion.   Defendant has failed to allege any facts that, if true, would establish either prong of *Strickland*.

(Doc. 10-2 at 805-06) (citations to the record omitted).

On appeal, Bragg incorrectly argued the postconviction court failed to address Ground 1—he did not brief the 6th DCA on the merits of the claim. Under Florida law, an appellant's failure to fully brief and argue a claim constitutes a waiver of the claim. *Coolen v. State*, 696 So. 2d 738, 742 n.2 (Fla. 1997). The State argued that Bragg waived Ground 1 in its response brief, and the 6th DCA affirmed without a written opinion. This Court "may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits" of the claim. *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993). Because Bragg waived this ground in the state appellate court, it is unexhausted and procedurally barred.

Even if Bragg had properly exhausted this claim, he would not be entitled to habeas relief because it lacks merit.   The state postconviction court reasonably found the State's evidence on the dispositive issue of consent more credible.     J.H.'s story was corroborated with photographs and the observations of other witnesses.   On the other hand, Bragg's version of the story was self-serving and completely uncorroborated.    Bragg failed to demonstrate any likelihood that the court would have granted a new trial.

The postconviction court's rejection of this ground was a reasonable application of *Strickland*.

Ground 1 is unexhausted, procedurally barred, and meritless.

## B. Ground 2: Trial counsel failed to investigate and call witnesses

Bragg identifies four groups of witnesses his attorneys should have called on to provide testimony at trial. First, he claims he advised his first attorney of a person named Misty Favors who could have testified that J.H. was a known prostitute. Second, he argues defense counsel should have retained an expert witness to testify that J.H.'s injuries were inconsistent with her testimony. Third, Bragg suggests hospital employees could have testified that J.H. sustained her injuries when she fell in the emergency room. And fourth, Bragg identifies friends and family who could have testified that they never saw a bite mark on his hand and that he did not have the character to commit the charged crime.

Bragg concedes that the sub-ground about Misty Favors is unexhausted because he withdrew it at the postconviction evidentiary hearing. The parties disagree whether he exhausted the other three sub-grounds. The section of Bragg's appeal brief dedicated to this ground focused mostly on Misty Favors. It did not mention the proposed character witnesses, so that sub-ground is obviously unexhausted. The brief does mention the sub-grounds on hospital

employees and an expert witness, but only in the form of a conclusory claim
that the lower court erroneously denied them.    The brief entirely omits
necessary details of the claims, like names and availability of potential
witnesses and what testimony they could have given.    Under Florida law,
"vague and conclusory allegations on appeal are insufficient to warrant relief."
*Doorbal v. State*, 983 So. 2d 464, 482 (Fla. 2008) (holding that claims are
waived when an appellant "merely refer[s] to arguments presented during the
postconviction proceedings without further elucidation").    Bragg did not
exhaust any claims included in this ground.

    Even if Bragg's conclusory argument on appeal was enough to exhaust
the claims, he would not be entitled to habeas relief.    Bragg's brief contended
the postconviction court "erroneously denied these claims based on the
credibility of counsel over defendant" and "never made an independent finding
that Counsel's omission in this context was a reasonable strategic choice."
(Doc. 10-2 at 1204).    The postconviction court did indeed find "the testimony
of both trial counsel to be more credible than that of Defendant."    (*Id.* at 1180).
But that was the court's prerogative.    The postconviction court made that
finding based on a thorough and reasonable examination of the underlying
facts, and it is thus entitled to the presumption of correctness under § 2254(d).
*See Coulter v. Herring*, 60 F.3d at 1503.    What is more, the record refutes
Bragg's claim that the postconviction court did not consider the reasonableness

of counsel's strategy.   The court's opinion discussed trial counsel's strategy at length and found no deficient performance.

Ground 2 is unexhausted, procedurally barred, and meritless.

**C. Ground 3: Newly discovered evidence**

Bragg claims his daughter Tiffanie Bragg ran into J.H. after the trial, accused her of lying, and said she needed to tell the truth.   According to Tiffanie, J.H. responded that her boyfriend would not allow her to come forward.   That is not a valid basis for a federal habeas claim.   "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).   Because this ground does not allege an independent constitutional violation in Bragg's trial, it does not state a claim for habeas relief.

**D. Ground 4: Trial counsel failed to rehabilitate Bragg's credibility after he acknowledged prior felony convictions**

Bragg argues his trial counsel should have rehabilitated his credibility by eliciting details about his 14 prior felony convictions—specifically that they were nonviolent and the result of guilty pleas.   Both of Bragg's trial attorneys addressed this claim at the evidentiary hearing.   Kruzka explained he followed his standard practice of addressing a testifying defendant's felony

convictions on direct examination because waiting for the prosecutor to do it made "it look like you were hiding something." (Doc. 10-2 at 1054). Neither attorney thought it would be beneficial for the jury to hear the substance of Bragg's prior convictions, and they wanted to avoid opening the door for the prosecutor to ask about the details of the crimes.

After summarizing the relevant testimony, the postconviction court denied this ground:

> The Court finds that counsels' performance was not deficient, and that counsel pursued a reasonable trial strategy. Defendant had 14 prior felony convictions, as well as misdemeanor crimes of dishonesty. To the extent Defendant believed none of his prior convictions involved violence, burglary of a dwelling is considered a violent offense. Had counsel opened the door to the nature of Defendant's prior convictions, the State could have presented evidence as to the nature of Defendant's burglary and other convictions. Trial counsels' assessment was reasonable that the benefit of telling the jury that Defendant resolved all his prior cases with guilty or no contest pleas was outweighed by the danger of emphasizing the number and nature of the prior convictions. Defendant failed to state any facts that, if true, would establish either prong of Strickland.

(*Id.* at 1084-85).

Counsel's strategic decisions are entitled to a strong presumption of reasonableness. *Dunn v. Reeves*, 594 U.S. 731, 739 (2021). The postconviction court correctly applied *Strickland* when evaluating trial counsel's strategy for addressing Bragg's criminal history. Bragg's counsel

reasonably concluded that presenting the details of his lengthy criminal history to the jury would not have helped his defense.   Ground 4 is denied.

### E. Ground 5: Trial counsel failed to request a limiting instruction on the use of Bragg's prior convictions

Bragg argues his counsel should have asked the court to instruct the jury not to consider his 14 prior felony convictions as evidence of guilt in this case. Bragg raised this claim in his Rule 3.850 motion, but he waived it by not addressing it on appeal.   *See Coolen, supra.*   It is thus unexhausted and procedurally barred.

Even if Bragg had exhausted this claim, it does not warrant federal habeas relief.   Both of Bragg's trial attorneys testified they made a strategic decision not to request a special limiting instruction because they did not want to bring more attention to Bragg's criminal history.   What is more, the postconviction court properly applied *Strickland* when denying the claim:

> The Court finds that trial counsels' performance was not deficient. Fla. Std Crim. Jury Instr. 2.5 provides that "The evidence that you are about to receive that [defendant] has been convicted of a crime should be considered by you only in weighing the credibility of [defendant's] testimony and not for any other purpose."   Counsels' decision to not request this instruction at the time the evidence of Defendant's prior convictions was presented was reasonable. Counsels' assessment was also reasonable that the final jury instruction adequately covered the issue, and could be better addressed in the final argument.   Fla. Std. Crim. Jury Instr. 3.9 provides in pertinent part: "9. Has the witness been convicted of a [felony] [misdemeanor involving [dishonesty] [false statement]]?" The Court finds that the final jury instruction 3.9 adequately covered how the jury was to assess Defendant's credibility in light

of his prior convictions, and served counsels' purpose of not highlighting Defendant's convictions or making them a feature of the trial. Defendant failed to state any facts that, if true, would establish either prong of *Strickland*.

(Doc. 10-2 at 1185-86). The decision to address Bragg's felony convictions and move past them as quickly as possible was well within the bounds of reasonable representation. Accordingly, the postconviction court's denial of this ground was a reasonable application of *Strickland*.

Ground 5 is unexhausted, procedurally barred, and meritless.

### F. Ground 6: Trial counsel failed to request a limiting instruction on the use of impeachment evidence

During his direct examination, Bragg claimed he had consensual sex with J.H. after learning she was working as a prostitute. The State impeached the claim with the fact that Bragg's statement to police did not mention prostitution. Bragg argues his counsel should have requested a limiting instruction advising the jury they could only consider the impeachment evidence when evaluating Bragg's credibility, not as evidence of guilt. And when the State raised the issue in its closing argument, Bragg argues his counsel should have objected.

Bragg raised this claim in his Rule 3.850 motion, and the postconviction court summarily denied it:

Defendant's claim fails as a matter of law. Defendant's own prior inconsistent statement to Detective Cote is admissible as substantive evidence against him because it is a relevant party-

> opponent admission. *Fla. Stat. § 90.803*; *State v. Elkin*, 595 So. 2d 119 (Fla. 3d DCA 1992). If counsel had requested the limiting instruction Defendant describes, counsel would have been denied because the impeachment evidence could be used as substantive evidence of Defendant's guilt. Counsel cannot be deemed ineffective for failing to raise a meritless issue or failing to make a meritless objection. *Hitchcock v. State*, 991 So. 2d 337, 361 (Fla. 2008); *Teffeteller v. Dugger*, 734 So. 2d 1009, 1019 (Fla. 1999). Defendant failed to allege any facts that, if true, would establish either prong of *Strickland*.

(Doc. 10-2 at 811). On appeal, Bragg incorrectly argued the postconviction court failed to address this ground, but he did not argue its merits. Accordingly, Bragg waived this ground on appeal, and it is unexhausted and procedurally barred. *See Coolen, supra.*

Even if Bragg had exhausted this ground, it is meritless. Federal habeas courts "must defer to the state's construction of its own law" when an attorney's alleged failure turns on state law. *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). Such deference is especially important when considering *Strickland* claims because they can "drag federal courts into resolving questions of state law." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020). The Court thus accepts as true the state court's determination that under Florida law, the trial court would have denied the proposed limiting instruction and overruled an objection. And as the postconviction court correctly stated, counsel cannot be deficient for failing to make a futile argument.

Ground 6 is unexhausted, procedurally barred, and meritless.

### G. Ground 7: Trial counsel failed to object to improper burden shifting

Bragg argues his counsel should have objected when the State made the

following comments in the rebuttal portion of its closing argument:

> She took law enforcement over here.   Why would she make all this up?   Why would she come up with the story of this Amy Richards, driving around Cabana City and then going back up here, why would she make all this up?

(Doc. 10-2 at 398).    Bragg raised this claim in his Rule 3.850 motion, and the

postconviction court found the comments did not improperly shift the burden:

> In closing, defense counsel argued that the victim's story of getting on Defendant's bike to look for her friend and then driving around Cabana City violated common sense.   Defense implied that the victim was fabricating the story and was actually in the area because she was a prostitute, since Cabana City was an area known for prostitution.   The State's comments on rebuttal were proper because they were a fair and invited reply to defense counsel's attack on the victim's credibility.   *See Bettey v. State,* 244 So. 3d 364, 368 (Fla. 1st DCA 2018) (context of prosecutor's comments that victims had no reason to lie indicate that prosecutor was arguing why the jury should find the victims credible, which is proper argument).   *See also Williamson v. State,* 994 So. 2d 1000, 1012-14 (Fla. 2008) (prosecutor's comments were a fair reply to the defense's closing argument that State's witness's testimony was not believable).   Any objection defense counsel might have made to the comments would have been overruled, and counsel cannot be deemed ineffective for failing to make a meritless objection.   *Hitchcock v. State,* 991 So. 2d 337, 361 (Fla. 2008).   Defendant has failed to allege any facts that, if true, would establish either prong of *Strickland.*

(*Id.* at 812).

This claim fails for the same reasons as Ground 6. Bragg waived it on appeal because he did not include it in his brief, so it is unexhausted and procedurally barred. *See Coolen, supra.* And even if he had exhausted it, the postconviction court correctly denied it under *Strickland* after finding the proposed objection would have been futile under state law. Ground 7 is unexhausted, procedurally barred, and meritless.

## H. Ground 8: Trial counsel failed to object to personal opinion testimony

This ground centers on the testimony of Sergeant Andrea Fisher, the officer who met with J.H. at the hospital after she reported the rape. Fisher's direct examination included the following testimony:

> Q. And at some point did a Detective become involved in this case?
>
> A. Once I verified at my level that I believe that a sexual crime had occurred I have to notify my watch commander and request the assistance of a specialty Detective. In this case it would be our special victims unit Detective, whoever is on call. In this instance it was Detective Cote.
>
> ...
>
> Q. And throughout the investigation do you know if there were any other leads?
>
> A. We were plainly speaking, honestly speaking, moved by this incident because it was such a so violent in nature that our staff requires immediate, not operation, but a plan of action...

(Doc. 10-2 at 247). Bragg argues this was improper opinion testimony that his counsel should have objected to.

Bragg raised this claim in his Rule 3.850 motion, and the postconviction court summarily denied it:

26. "It is true that a witness's opinion as to the guilt or innocence of the defendant is inadmissible in a criminal case. *See*, *e.g.* *Martinez v. State*, 761 So. 2d 1074, 1079-81 (Fla. 2000) (finding that it was reversible error where the lead investigating officer testified that he had no doubt that Martinez had murdered the victim and the prosecutor compounded the error by arguing in closing arguments that the officer, a witness, and the prosecutor had no doubt as to Martinez's guilt)." *Rolle v. State*, 215 So. 3d 75, 78 (Fla. 3d DCA 2016). However, like the detective witness in *Rolle*, Sergeant Fisher did not offer an opinion as to the Defendant's guilt. Rather, Sergeant Fisher made these two brief comments in the context of her testimony explaining the investigation and the efforts made to determine the location of the events described by the victim and to identify a suspect. *Cf. Rolle* at 79-80 (finding that detective did not comment on defendant's guilt when he testified that, based on his investigation, he determined that another suspect was not involved in the crimes; detective's testimony was offered to explain why that suspect was not arrested). The fact that law enforcement makes an initial determination that a crime has occurred, before investigating further - which is what Sergeant Fisher said - is not tantamount to a comment on the Defendant's guilt.

27. Even if Sergeant Fisher's comments were improper opinion testimony that should have caused defense counsel to object, and even assuming such an objection would have been sustained, Defendant cannot establish prejudice. While Sergeant Fisher stated that she determined "at [her] level" that a sexual crime had occurred, the record makes clear that she made this determination based on her initial interview with the victim, not based on evidence not presented to the jury, but known only to the investigating officer. Similarly, the second comment, that the "incident" was "violent in nature" was clearly based on Sergeant's Fisher's interview with the victim and observations of the victim's injuries. The same evidence was presented to the jury through the testimony of the victim and nurse Paradiso. The Defendant's position at trial was that the victim was lying about the consensual

> nature of the sexual intercourse from the very first time she falsely accused the Defendant. Closing arguments of both attorneys centered around the credibility of the victim, and never mentioned the opinions of law enforcement. Accordingly, any prejudice to Defendant as a result of counsel's failure to object does not rise to the level of prejudice required under *Strickland* to warrant relief.

(Doc. 10-2 at 813-14).

As with the two preceding grounds, the only mention Bragg made of this claim in his appeal brief was the incorrect assertion that the postconviction court failed to address it. He thus waived this ground by failing to present the merits to the appellate court. *See Coolen, supra.* It is unexhausted and procedurally barred. What is more, this Court accepts as true the postconviction court's determination that testimony is permissible under state law, so an objection would have been meritless. *See Pinkney, supra.* The postconviction court correctly applied *Strickland* because counsel cannot be deemed ineffective for failing to make a futile objection. Ground 8 is unexhausted, procedurally barred, and meritless.

## I.  Ground 9: Trial counsel failed to move for a mistrial

The trial court interrupted the cross-examination of J.H. and had the following exchange with her boyfriend:

> THE COURT: Excuse me for interrupting. Dewey, take the jury out please.
>
>        (The jury withdrew from the courtroom.)

THE COURT: Please be seated.   I am addressing myself to the
gentleman in the purple shirt.   If you attempt or I see you
indicating any sort of prompting or agreement with the witness by
shaking your head as you have been doing for the last 15 minutes,
I will hold you in contempt of Court and exclude you from this
courtroom.   Do you understand?

MR. RICHARDS: I do understand, sir.   I am sorry.

THE COURT: I want you to be able to attend these proceedings.
I will not have you interfere with them.   And what you have been
doing has been interfering with them.

MR. RICHARDS: I am sorry.   I didn't realize –

THE COURT: Do not wag your head side to side, up and down or
any other way.   Don't make any facial expressions or grimaces, sit
there stoically.   I understand it may be difficult for you to do so,
but if you cannot abide by this direction leave the courtroom now.

MR. RICHARDS: I will abide by your direction.

(Doc. 10-2 at 227-28).   Bragg argues his counsel should have moved for a

mistral.

Bragg raised this claim in his Rule 3.850 motion.   The postconviction

court denied it:

Defendant's claim fails because he cannot prove that he was
prejudiced by counsel's failure to move for a mistrial.   To establish
prejudice, Defendant must demonstrate a reasonable probability
that a timely motion for mistrial would have been granted.   *Moore
v. State*, 74 So.3d 547, 549-550 (Fla. 5th DCA 2011).   A motion for
mistrial should only be granted when it is absolutely necessary
because the error is so prejudicial as to vitiate the entire trial.
*Thomas v. State*, 748 So.2d 970, 980 (Fla. 1999).   Even if counsel
had made a timely motion, it would not have been absolutely
necessary to grant a mistrial.   The record reflects that the trial
judge addressed the boyfriend's behavior after removing the jury,

and did not resume the trial until the boyfriend had assured him that he would no longer gesture at the victim. The record reflects no further disturbances from the boyfriend. Further, Defendant speculates that the jury knew who the boyfriend was or saw him shaking his head. Defendant cannot recover on a claim based on speculation or possibility. *Maharaj v. State,* 778 So.2d 944,951 (Fla. 2001). Defendant has failed to allege facts that, if true, would establish either prong of *Strickland*.

(Doc. 10-2 at 814-15) (citations to the record omitted).

Like Grounds 6-8, the only mention of this claim in Bragg's appeal brief is the incorrect assertion that the postconviction court failed to address it. Bragg thus waived this ground, and it is unexhausted and procedurally barred. *See Coolen, supra.* It also lacks merit. The Court accepts as true the postconviction court's determination that Bragg did not establish entitlement to a new trial under state law. *See Pinkney, supra.* A motion for a mistrial would not have been granted, and counsel cannot be deemed ineffective for failing to make a futile motion. Ground 9 is unexhausted, procedurally barred, and meritless.

### J. Ground 10: Trial counsel misadvised Bragg to reject the State's plea offer

Bragg claims he rejected a 15-year plea offer because he mistakenly believed the longest prison term he could receive after being found guilty at trial was 15 years. He blames his attorneys for failing to advise that his habitual offender status increased the maximum sentence to 30 years. Bragg raised this ground in his Rule 3.850 motion, but he withdrew it at the

evidentiary hearing.    (Doc. 10-2 at 954).    Thus, it is unexhausted and procedurally barred.

### K. Ground 11: Cumulative effect

Finally, Bragg argues he is entitled to relief based on the cumulative effect of two or more of the foregoing claims of ineffective assistance of counsel. Courts in the Eleventh Circuit "address claims of cumulative error by first considering the validity of each claim individually, and then examining any errors that we find in the aggregate and in light of the trial as a whole to determine whether the [petitioner] was afforded a fundamentally fair trial." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012).    Because Bragg's individual claims lack merit, there is no error to accumulate.    *See id.* Ground 11 is denied.

### DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.    28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).    To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529

U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted).   Bragg has not made the requisite showing here and may not have a certificate of appealability on his Petition.

Accordingly, it is now

**ORDERED:**

Petitioner Christopher Bragg's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:     All parties of record